UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.

DAVID RUBIN, an individual, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

CENTER FOR EXCELLENCE IN
HIGHER EDUCATION, INC.
d/b/a INDEPENDENCE UNIVERSITY,

    Defendant.
_____/

## CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND

1. "[T]he right to be let alone -- the most comprehensive of rights and the right most valued by civilized men." *Olmstead v. United States*, 277 U.S. 438 (1928) (Justice Louis D. Brandeis, dissenting). In congruence with this fundamental right to privacy, Plaintiff files this class action complaint alleging violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). For over four years preceding this action, Defendant has engaged in a campaign of invasively soliciting consumers utilizing a particularly insidious form of solicitation known as "robodialing."

2. Plaintiff alleges violations of 47 U.S.C § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), against Center for Excellence in Higher Education, Inc. d/b/a Independence University ("IU"), placed calls using an automatic telephone dialing system to the Plaintiff's cellular telephone.

1

3. The TCPA prohibits making "any call ... using any automatic telephone dialing system... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A). Despite these requirements, Defendant, or some person authorized to do so on its behalf, has routinely and systematically placed calls to Plaintiff's cellular telephone, without prior express consent and through the use of an automatic telephone dialing system.

4. The FCC has the authority to promulgate rules for the enforcement of the TCPA. Under the FCC's rules, no person may "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic dialing system . . ., other than a call made with the prior express written consent of the called party . . . ." 47 C.F.R. § 64.1200(a)(2).

5. The TCPA provides a private cause of action for violation of its provisions and violations of the rules promulgated under the Act. Defendant is therefore liable to Plaintiff under the TCPA. Plaintiff seeks an injunction, requiring Defendant to cease all calls to cellular telephones placed through the use of an automatic telephone dialing system and without the prior express consent of the consumer, an award of statutory damages to Plaintiff, together with costs and reasonable attorneys' fees.

6. In order to redress these injuries, Plaintiff, on behalf of himself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which specifically prohibits unsolicited, automated calls to cellular phones. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all robodialing in violation of the TCPA, and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Plaintiff's individual claim pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws, or treaties of the United States. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

8.      Plaintiff, David Rubin ("Plaintiff" or "Rubin"), is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

9.      Defendant, Center for Excellence in Higher Education, Inc. d/b/a "Independence University," is an Indiana non-profit corporation whose principal office is located at 4021 S 700 E, Suite 400, Salt Lake City, UT 84107.

10.     Independence University ("IU") is an online university and is a "person" as the term is defined by 47 U.S.C. Sec. 153(39).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF RUBIN

11.     In or about June 2015, Plaintiff began receiving unsolicited telephone calls on his cellular telephone from number 800-291-9445.

12.     Defendant's calls to Plaintiff were made using an automatic telephone dialing system or an artificial or pre-recorded voice

13.     Plaintiff never provided his telephone number to IU and never provided his consent to be called by IU.

14.     When Plaintiff answers calls from IU, he is met with a period of silence followed by a clicking noise before being connected to a live agent; telltale signs of an automatic telephone dialing system or "predictive dialer."

15. In 2008, in response to a request for clarification, the FCC "affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

16. During a call with IU, Plaintiff instructed IU to stop calling him because he was not interested in its services. Plaintiff estimates that he had instructed IU to stop calling him at least four times.

17. Plaintiff continued to receive calls from Defendant after he had notified Defendant that he did not consent to receive telephone calls to his cellular telephone. On June 30, 2015, Defendant called Plaintiff's cellular telephone at least seven times. Likewise, on July 1, 2015, Defendant called Plaintiff's cellular telephone at least four times.

18. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls violated the TCPA, and consequently, these violations were willful and knowing.

## **CLASS ALLEGATIONS**

19. This action is brought on behalf of a class of consumers defined as follows:

**The No Consent Class**

All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone using an automatic telephone dialing system, wherein the number being called was obtained from a third party source during the four year period preceding the filing of this complaint.

20. In addition, this action is brought on behalf of the following No Written Consent Subclass of consumers:

**The No Written Consent Subclass**

All persons within the United States who did not provide written prior express consent to Defendant but received telemarketing telephone calls from Defendant to said person's cellular telephone using an automatic telephone dialing system, during the four year period preceding the filing of this complaint.

21. This action is also brought on behalf of a second Subclass of consumers:

**The Do Not Call Subclass**

All persons within the United States to whom Defendant made more than one telemarketing call during a 12-month period more than 30 days after receiving a request not to receive calls during the four year period preceding the filing of this complaint.

22. During the four (4) prior to the filing of this complaint, Defendant placed thousands or more robodialed telephone calls to consumer cellular telephones, including to Plaintiff and the putative class members (by Defendant or Defendant's agents), some of which, upon information and belief, are evidenced by Exhibit A.

23. These calls were placed using an automatic telephone dialing system, also known as an "auto-dialer," and said auto-dialer had the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

24. All robodialed calls at issue were placed from an Internet service or telephone system at the direction of Defendant or Defendant's agent(s).

25. Upon information and belief, Defendant obtained the cellular telephone numbers belonging to Plaintiff and members of the class and subclass through one or more unknown methods, other than the consent of the called party.

26. Plaintiff alleges on information and belief that based upon the Defendant's use of

robodialing that the class is so numerous that joinder of all members of the class and subclass is impractical.

27. There are questions of law or fact common to the class and subclass, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

    a. Whether Defendant's conduct and equipment are governed by the TCPA?

    b. Whether the telephone calls by Defendant violated the TCPA?

    c. Whether the class members are entitled to treble damages based upon the willfulness of Defendant's conduct?

    d. Whether Defendant should be enjoined from engaging in such conduct in the future?

28. Plaintiff's claim is typical of those of the class members and subclass members. All claims are based on the same facts and legal theories.

29. Plaintiff will fairly and adequately protect the interests of the class and subclass. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action.

30. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

31. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole. Injunctive relief is appropriate and necessary to cause the illegal telemarketing to stop.

34. Plaintiff requests certification of a hybrid class pursuant to both Rule 23(b)(3), for monetary damages and Rule 23(b)(2) for injunctive relief.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff incorporates all previous Paragraphs.

36. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to consumers' cellular telephones, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant Center for Excellence in Higher Education, Inc., for:

(a) Statutory damages at $500 dollars per call;

(b) Willful damages at $1,500 dollars per call;

(c) An injunction requiring Defendant to cease all communications in violation of the TCPA; and

(d) Such further relief as this Court may deem appropriate.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff incorporates all previous Paragraphs.

38. Defendant violated 47 C.F.R. 64.1200(a)(2), the rules promulgated by the FCC

for enforcement of the TCPA, by making calls to consumers' cellular telephones, using an automatic dialing system or an artificial or prerecorded voice, without first obtaining prior express written consent of the called party .

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant Center for Excellence in Higher Education, Inc., for:

(a) Statutory damages at $500 dollars per call;

(b) Willful damages at $1,500 dollars per call;

(c) An injunction requiring Defendant to cease all communications in violation of the TCPA; and

(d) Such further relief as this Court may deem appropriate.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff incorporates all previous Paragraphs.

40. Under 47 C.F.R. § 64.1200(d), if a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber[1] not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made.

41. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable

---

[1] The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." 47 C.F.R. § 64.1200(e).

time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request.

42. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

43. Defendant violated 47 C.F.R. 64.1200(d), the rules promulgated by the FCC for enforcement of the TCPA, by making calls to consumers 30 days after having received a request from a the telephone subscriber not to receive such calls.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant Center for Excellence in Higher Education, Inc., for:

(a) Statutory damages at $500 dollars per call;

(b) Willful or knowing damages at $1,500 dollars per call;

(c) An injunction requiring Defendant to cease all communications in violation of the TCPA; and

(d) Such further relief as this Court may deem appropriate.


/          /

Intentionally left blank

/          /

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated: August 12, 2015

Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
Email: seth@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

*and*

Scott D. Owens (Fla. Bar No. 0597651)
Email: scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33091
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

*Attorneys for Plaintiff*